UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN MACK ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case 1:24-cv-00048-JJM-PAS |
| ) | |
| RILEY POWER GROUP, LLC; ) | |
| ELECTRIC BOAT CORPORATION ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ELECTRIC BOAT CORPORATION'S MOTION FOR CONTEMPT

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendant Electric Boat Corporation ("Electric Boat") hereby moves that third-party Joseph Boswell be held in civil contempt for (1) failing to appear for his deposition in this case after being served with a subpoena under Rule 45 of the Federal Rules of Civil Procedure, and (2) failing to comply with the Court's September 23, 2025, order requiring him to contact counsel of record within seven (7) days of receipt of the order to schedule his deposition; and (3) failing to respond to the Court's December 9, 2025, order to show cause why he should not be found in contempt. In support of this motion, Electric Boat states as follows:

1.  In his Complaint, plaintiff John Mack alleges that he was employed by defendant Riley Power Group, LLC ("RPG") as a welder and assigned to work as a sub-contract employee of RPG at Electric Boat's Quonset Point facility. (Compl., ¶¶ 7-9.)

2.  In Paragraph 22 of his Complaint, Plaintiff alleges the following interaction with Electric Boat employees:

> [I]n early June 2023, Plaintiff was assisting a white Electric Boat employee hook up a torch line. A safety officer by the name of Julie asked Plaintiff and a white Electric Boat employee what was going on. Plaintiff explained what was going on with the torch line. 'Julie'

        asked if Plaintiff and the Electric Boat employee were 'brothers' and then made several racist statements about 'people like the Plaintiff' (i.e. African Americans).

        (Compl., ¶ 22.)

3.      The "white Electric Boat employee" referenced in Paragraph 22 of the Complaint is Joseph Boswell, a former Electric Boat welder.

4.      On June 10, 2025, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Electric Boat's counsel served Mr. Boswell with a subpoena to appear for a deposition on July 15, 2025, at the office of Bowditch & Dewey, LLP, 75 Federal Street, Suite 1000, Boston, MA 02110. A true and accurate copy of the Proof of Service of the Subpoena to Testify at a Deposition in a Civil Action prepared by Rhode Island Constable Ashley Waddington is attached as Exhibit A. In addition to the subpoena, the constable served Mr. Boswell with a June 6, 2025, letter from Electric Boat's counsel advising him that, if he contacted counsel prior to the deposition, the parties would be willing to select a different date, time, or location for the deposition that would be more convenient for him. (See Exhibit B.)

5.      In addition to serving Mr. Boswell with the subpoena, Electric Boat tendered him a check for the witness fees associated with his expected attendance at the deposition. (See Exhibit A at 2.) Mr. Boswell cashed the check for those witness fees on June 11, 2025, the day after he was served with the subpoena. (See Exhibit C, E-mail from Constable Ashley Waddington to Raymond Ripple dated July 24, 2025.)

6.      On June 25, 2025, counsel for Electric Boat mailed Mr. Boswell a letter reminding him of the deposition on July 15, 2025, and offering to select a different date, time, or location that might be more convenient for him. Mr. Boswell did not respond to the letter.

4905-2419-4959.1

7. Mr. Boswell failed to appear for the deposition on July 15, 2025. A true and accurate copy of the deposition transcript reflecting Mr. Boswell's failure to appear is attached as Exhibit D.

8. On July 23, 2025, counsel for Electric Boat mailed Mr. Boswell a letter regarding his failure to appear for the deposition. The letter requested that Mr. Boswell contact counsel by August 4, 2025, to reschedule the deposition. A true and accurate copy of the letter is attached as Exhibit E. Mr. Boswell did not respond to this letter.

9. After obtaining authorization from the Court on August 27, 2025, Electric Boat filed a Motion to Compel on September 5, 2025, seeking an order compelling Mr. Boswell to appear for his deposition pursuant to the subpoena. As part of the relief sought in the Motion to Compel, Electric Boat requested that the order compelling Mr. Boswell's attendance instruct him to contact counsel for Electric Boat within seven (7) days of receipt of the order to schedule a mutually agreeable time and location for the deposition.

10. The Court granted Electric Boat's Motion to Compel on September 23, 2025.

11. On September 30, 2025, counsel for Electric Boat mailed Mr. Boswell a letter by Federal Express and first-class mail. The letter enclosed a copy of the Motion to Compel and the Court's order and requested that Mr. Boswell contact counsel within seven days of receipt of the letter to schedule his deposition. A copy of the letter is attached as Exhibit F.

12. Because counsel did not receive a response to the letter attached as Exhibit F, Electric Boat's counsel caused a copy of the Motion to Compel to be served on Mr. Boswell by constable. Service was effectuated on Mr. Boswell by constable on October 13, 2025. A true and accurate copy of the Proof of Service is attached as Exhibit G.

13. On November 17, 2025, prior to filing this Motion for Contempt, Electric Boat's counsel sent Mr. Boswell a letter by Federal Express and regular mail advising him that defendant would seek further relief from the court unless he contacted counsel to schedule his deposition. To date, Mr. Boswell has failed to contact counsel for Electric Boat to schedule his deposition. A true and accurate copy of the letter sent to Mr. Boswell is attached as Exhibit H.

14. "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Trustees of the Pavers District Council v. Lavin, Inc.*, 22-CV-1023-LDH, 2025 WL 1640496, at *1 (E.D.N.Y. March 24, 2025). Rule 45(g) provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P 45(g). While failure of a witness to appear for a deposition is punishable by contempt even without a prior court order, "the more prudent practice for the court is to issue such an order [directing compliance with the subpoena] before entertaining a motion for contempt." *Systems Tech. Resources Inc. v. United Vision Solutions*, *LLC*, 2018 WL 3853717, at *2 (D. Mass. June 18, 2018).

15. In light of Mr. Boswell's failure to appear for his deposition pursuant to a valid subpoena, and his failure to contact counsel to schedule his deposition as ordered by the Court, on November 24, 2025, Electric Boat filed a motion for an order to show cause why Mr. Boswell should not be found in contempt for his failure to comply with the subpoena and court order. On December 9, 2025, the Court entered an order granting Electric Boat's motion.

16. On January 12, 2026, Electric Boat served Mr. Boswell by process server with a copy of the Court's December 9, 2025 Order granting the motion to show cause. A true and accurate copy of the Letter and Proof of Service is attached as Exhibit I. Mr. Boswell has not contacted Electric Boat's counsel to schedule his deposition.

17. In light of Mr. Boswell's failure to appear for his deposition in response to a subpoena, and his repeated failures to contact counsel to schedule his deposition as ordered by the Court, Electric Boat now seeks an order finding Mr. Boswell in contempt. As a remedy, Electric Boat does not seek monetary penalties or other sanctions – it merely seeks court action to obtain discovery that is relevant to the merits of this case.

WHEREFORE, for the reasons set forth above, defendant Electric Boat Corporation respectfully requests, after providing Mr. Boswell with a hearing and an opportunity to be heard, that the Court enter an order finding him in contempt of court and ordering him to appear for his deposition in this case.

ELECTRIC BOAT CORPORATION

By Their Attorneys,

/s/ Raymond M. Ripple
Raymond M. Ripple (#6489)
Bowditch & Dewey, LLP
75 Federal Street, Suite 1000
Boston, MA 02110
Tel. 617.757.6516
rripple@bowditch.com

### Rule 37 Certification

Counsel for defendant Electric Boat Corporation hereby certifies that he conferred in good faith in an attempt to obtain the relief requested in this motion without court action.

/s/ Raymond M. Ripple

4905-2419-4959.1

## CERTIFICATE OF SERVICE

      I certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 11, 2026.

                                          */s/ Raymond M. Ripple*
                                          Raymond M. Ripple

4905-2419-4959.1